# Case No. 24-2678

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

In re: Payment Card Interchange Fee
and Merchant Discount Antitrust Litigation

This Document Refers to:
Old Jericho Enterprise, Inc. v. Visa, inc., No. 20-cv-2394
(E.D.N.Y.)(MKB)(JAM)

*(Caption continued on next page)*

On Appeal from the United States District Court

for the Eastern District of New York

## PLAINTIFFS-APPELLANTS' OPPOSITION TO JACK RABBIT'S MOTION TO CONSOLIDATE

Christopher J. Bateman
Daniel Gifford
**COHEN MILSTEIN
SELLERS & TOLL PLLC**
88 Pine St., 14th Floor
New York, NY 10005
(212) 838-7797

Manuel J. Dominguez
**COHEN MILSTEIN
SELLERS & TOLL PLLC**
11780 U.S. Highway One
Suite N500
Palm Beach Garden, FL 33408
(561) 515-2604
(561) 515-1401

*Attorneys for Plaintiffs-Appellants*

1

Old Jericho Enterprise, Inc., 32T, LLC, Bucks, Inc., Chandler Oil-1 Corporation, Coffee Cup Fuel Stop, Inc., H&H Enterprises, Inc., Heinz Enterprises, Inc., Koehnens Standard Service, Inc., Mineral Spring Avenue Getty, Inc., Mox LLC, OKY LLC, Pit Row, Inc., Pointe Service Center LLC, Red Eagle, Inc., Victory Energy, LLC, Village Center Auto Care, Inc., W.L.F. Automotive, Inc., Wesco, Inc., Zarco USA, Inc., on behalf of all other similarly situated

*Plaintiffs-Appellants,*

v.

Visa, Inc., Mastercard, Inc.,

*Defendants-Appellees.*

Plaintiffs-Appellants Old Jericho Enterprise, Inc., 32T, LLC, Bucks, Inc., Chandler Oil-l Corporation, Coffee Cup Fuel Stop, Inc., H&H Enterprises, Inc., Heinz Enterprises, Inc., Koehnens Standard Service, Inc., Mineral Spring Avenue Getty, Inc., MOX LLC, OKY LLC, Pit Row, Inc., Pointe Service Center LLC, Red Eagle, Inc., Victory Energy, LLC, Village Center Auto Care, Inc., W.L.F. Automotive, Inc., Wesco, Inc., and Zarco USA, Inc. ("Old Jericho Plaintiffs") respectfully submit this response in opposition to Objector-Appellant Jack Rabbit's Motion to Consolidate ("Jack Rabbit Mot.").

The Jack Rabbit appellants ("Jack Rabbit") move to consolidate the Old Jericho Plaintiffs' appeal, No. 24-2678, with the Square Sellers' appeal, No. 24-1653, despite the fact that the two appeals a) arise from different judgments in different cases, b) appeal from different District Court orders employing different reasoning, c) bring different legal arguments based on different factual scenarios, and d) request different relief from this Court on appeal. Perhaps most significantly, the Jack Rabbit appellants are parties to *neither* judgment on appeal, and instead insert themselves into these proceedings based on a tenuous objection

3

that the Square Sellers' inclusion in the Settlement class would "dilute" their pro-rata share of the Settlement fund.[1]

Jack Rabbit argues—with support from no principal party—that the Old Jericho and Square Sellers appeals should be consolidated pursuant to Fed. R. App. P. 3(b)(2) because they "present identical questions of law and similar circumstances." Jack Rabbit Mot. at 6. This is wrong. As an initial matter, Rule 3 permits consolidation only when "two or more parties are entitled to appeal from *a district-court judgment or order*." Fed. R. App. P. 3(b)(1) (emphasis added). These appeals, meanwhile, arise from judgments in separate actions, based on separate orders giving rise to separate appeals, rendering Rule 3 consolidation inappropriate.

Moreover, Jack Rabbit's conclusory assertion that the two appeals present "identical questions of law" is objectively incorrect, which distinguishes this case from those cited by Jack Rabbit where

---

[1] *See* Jack Rabbit Br. at 9-10, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.* ("*Payment Card*"), No. 24-1653 (2d Cir. Oct. 16, 2024), Jack Rabbit's dilution claim is premised on a contrived argument—neither adjudicated below nor presented in this appeal—that they, unlike the *Lanning* Plaintiffs, are Settlement members because they are "cost-plus" purchasers under *Illinois Brick*. *See id.* at 34.

consolidation was granted "[b]ecause the facts in these cases are identical and each appeal raises the same issues." Jack Rabbit Mot. at 6 (quoting *Maughon v. Bibb Cnty.*, 160 F.3d 658, 659 (11th Cir. 1998)). The myriad differences of law and fact between the two appeals are detailed across both Old Jericho Plaintiffs' and Defendants' briefing in each case, *see, e.g.*, Old Jericho Pls.' Br. at 48-54, *Old Jericho Enter., Inc. v. Visa, Inc.*, No. 24-2678 (2d Cir. Jan. 17, 2025); Br. of Defs.'-Appellees at 16-17, 39-41, *Payment Card*, No. 24-1653 (2d Cir. Jan. 13, 2025), so Old Jericho Plaintiffs do not rehash these points in detail here. But, at a minimum, the following critical differences weigh against consolidation:

1) The appeals turn on separate fact patterns relating to Settlement membership involving two entirely different sets of parties: in the Square Sellers appeal, merchants who use Payment Facilitators ("PayFacs") like Square to process their transactions; in the Old Jericho appeal, branded gas retailers who use their fuel suppliers, not PayFacs, to process their transactions.

2) Because Settlement membership turns, in part, on which entities the settling parties *intended* to be bound by the

5

Settlement, these different fact patterns mandate fundamentally different analyses of separate district court records. The record evidence of party intent as to the Square Sellers' class membership differs greatly from the record evidence as to branded retailers' class membership, and the two must be evaluated on their own facts.

3) The different parties and fact patterns lead to fundamentally different legal inquiries under federal antitrust law, as the Square Sellers' Settlement membership also turns in part on the existence of an agency relationship between PayFacs and their merchants that no party contends exists in *Old Jericho* action;

4) Finally, this Court's mandate in *Fikes* applies differently to the two cases: whereas *Fikes* sets forth an express rule for determining whether branded gas retailers are part of the Settlement, *Fikes* does not address issues related to merchants like the Square Sellers. *See Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704, 718 (2d Cir. 2023).

Each one of these differences is likely sufficient to prevent consolidation of these separate appeals. Together, they make clear that the two distinct appeals must be decided separately.

Finally, Jack Rabbit appeals to "judicial economy" and the benefits of assigning related matters to one panel in support of consolidation. Jack Rabbit Mot. at 7-9. But briefing is already complete in both matters, and it is unclear what additional benefits consolidation could provide beyond assignment to one panel. The Court is, of course, well aware of the procedural tools available short of formal consolidation to ensure that related appeals are heard by the same panel. The Old Jericho Plaintiffs support and defer to the Court's use of those tools to promote efficiency and consistency. Indeed, the Old Jericho Plaintiffs listed the two cases Jack Rabbit seeks to consolidate as "related" in their initial filings, and Old Jericho Plaintiffs recognize that the similarities between the two likely support their assignment to the same panel.[2] These similarities do

---

[2] The *Fikes* panel has already exercised this discretion to "retain jurisdiction over any further appeals in [that] case," *Fikes*, 62 F.4th at 727 n.18. To the extent this dictate does not expressly apply to Old Jericho Plaintiffs' appeal, Old Jericho Plaintiffs believe efficiency and consistency support assignment of their appeal to the panel that retained jurisdiction in *Fikes*.

not, however, support consolidation at this late stage—and certainly not forced consolidation at the hand of a non-party to either judgment. Old Jericho Plaintiffs trust the Court's expertise in managing its own docket. Because Jack Rabbit's Motion to Consolidate represents an unnecessary and unwarranted intrusion into that process, Old Jericho Plaintiffs request that the Motion be denied.

DATED this 16th day of June, 2025

/s/ *Christopher J. Bateman*
Christopher J. Bateman
Daniel Gifford
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine St., 14th Floor
New York, NY 10005
Tel: (212) 838-7797
Fax: (212) 838-7745
cbateman@cohenmilstein.com
dgifford@cohenmilstein.com

Manuel J. Dominguez
COHEN MILSTEIN SELLERS & TOLL PLLC
11780 U.S. Highway One,
Suite N500
Palm Beach Gardens, FL 33408
Tel: (561) 515-2604
Fax: (561) 515-1401
jdominguez@cohenmilstein.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2025, this brief was served on all parties via ACMS. Additionally, electronic copies were furnished via email to the following counsel:

Paul S. Rothstein
Florida Bar Number: 310123
626 NE 1st Street
Gainesville, FL 32601
(352) 376-7650
(353) 374-7133 (Fax)
Email: psr@rothsteinforjustice.com

N. Albert Bacharach, Jr.
Florida Bar Number: 209783
4128 NW 13th Street
Gainesville, FL 32609-1807
(352) 378-9859
(352) 338-1858 (Fax)
Email: N.A.Bacharach@att.net

*Attorneys for Objector-Appellant Jack Rabbit, LLC*

Dated: June 16, 2025              s/ *Christopher J. Bateman*
                                  Christopher J. Bateman